**Kevin C. Brague, OSB No. 050428**
kevin@braguelawfirm.com
THE BRAGUE LAW FIRM
1205 NW 25th Avenue
Portland, Oregon 97210
t: 503.922.2243
f: 503.877.1768

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JACK FREEMAN**, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>**PACIFIC UNIVERSITY**, an Oregon non-profit corporation<br><br>        Defendants. | Case No. 3:20-CV-860<br><br>**COMPLAINT**<br>(Breach of Contract, Section 504, ADA, and Negligence)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges the following:

**PARTIES**

1.

At all material times, Plaintiff Jack Freeman ("Freeman") was a resident within the state of Oregon.

2.

At all material times, Defendant Pacific University ("Pacific") was and is an Oregon not-for-profit entity doing business in Forest Grove, Oregon where it conducts regularly sustained business and education activities.

Page 1 – COMPLAINT

## JURISDICTION

3.

Federal Court jurisdiction exists pursuant to the 20 USC § 794 et seq. and 42 USC §§ 12181 et seq.  Supplemental jurisdiction arises under 28 USC § 1367 for all common law and State of Oregon claims.

## VENUE

4.

Venue is proper in the U.S. District Court of Oregon, Portland Division because all acts alleged herein occurred in Washington County, State of Oregon.

## STATEMENT OF THE CASE

5.

Pacific provides undergraduate and graduate degree programs including a graduate degree program in Audiology.

6.

Freeman was admitted into Pacific's Audiology program and in August 2016 he began his coursework.

7.

Within a month of beginning his classes, Freeman informed Pacific of his medical issues and diagnosis.  Pacific, through its Learning Support Services for Students with Disabilities, provided accommodations for Freeman based on federal regulations.  Freeman's accommodations included being late to class.

/ / / /

/ / / /

Page 2 – COMPLAINT

8.

Pacific's Learning Support Services for Students with Disabilities refused to provide any further accommodations to Freeman even though he asked and demonstrated a need for extra time on assignments.

9.

Notwithstanding Freeman's documented disability and accommodations, Pacific disciplined him for being late to class/internship and placed him on academic probation at least three times.

10.

In June 2018, Freeman informed Pacific of his recent diagnosis of Aspergers Syndrome (now known as Autism Spectrum Disorder under the DSM 5).

11.

In July 2018, Pacific persisted in failing Freeman for allegedly being late to his internship class.  Freeman appealed this failing grade and Pacific denied his appeal.  Pacific denied Freeman's further appeals.  Freeman exhausted all his Pacific University available remedies.

12.

In November 2018, Freeman withdrew from Pacific rather than being expelled by Pacific.

13.

Pacific's 2016-2017 Academic Catalog states, in relevant part:

> NOTICE OF NONDISCRIMINATION
> It is the policy of Pacific University not to discriminate on the basis of sex, disability, race, color, national origin, sexual orientation, age, religious preference, disabled veteran or Vietnam Era status in admission and access to, or treatment in employment, educational programs or activities as required by Title IX of the Education Amendments of 1072, section 504 of the Rehabilitation Act of 1973, Title VII of the Civil Rights act of 1964, the Age Discrimination Act, the Americans With Disabilities Act of 1990 and their implementing regulations.

Questions or complaints may be directed to the Vice President for Academic Affairs, 2043 College Way, Forest Grove, Oregon 97116.

14.

Pacific's School of Audiology, AuD Program Handbook states, in relevant part:

Nondiscrimination Policy
It is the policy of Pacific University not to discriminate on the basis of sex, physical or mental disability, race, color, national origin, sexual orientation, age, religious preference or disabled veteran or Vietnam Era status in admission and access to, or treatment in employment, educational programs or activities as required by Title IX of the Education Amendments of 1972, section 504 of the Rehabilitation Act of 1973, Title VII of the Civil Rights Act of 1964, the Age Discrimination Act, the Americans with Disabilities Act of 1990, or any other classification protected under state or federal law, or city ordinance.

Students with Disabilities
Services and accommodations are available to students covered under the American with Disabilities Act. If you require accommodations in this course, you must immediately contact Learning Support Services for Students with Disabilities at ext. 2194 or email at lss@pacificu.edu. The director or her assistant will meet with you, review the documentation of your disability, and discuss the services Pacific University offers and any accommodations you require for specific courses. It is extremely important that you begin this process before the beginning of the semester, remember that your first Final Exam will occur two weeks after you start. Please do not wait until the first test or paper as the process may take a couple of weeks or longer.

15.

Pacific's website states, in relevant part:

Audiology has consistently ranked high on U.S. News & World Report's top career lists in recent years. Audiology is a relatively small profession with approximately 13,000 practitioners who must be licensed to practice in all 50 states, the District of Columbia, and the Commonwealth of Puerto Rico. By far the most common degree granted for the clinical practice of audiology is the doctor of audiology (AuD). Employment of audiologists is projected to grow 16 percent from 2018 to 2028, much faster than the average for all occupations.

16.

The U.S. Department of Labor, Bureau of Labor Statistic's Occupational Employment Statistics provides the mean annual wage of $83,900 for audiologists.

17.

Program internships are required program components for meeting the degree requirements and state licensure tests.

## FIRST CLAIM FOR RELIEF

(Breach of Contract)

18.

Plaintiff realleges and incorporates by reference paragraphs 1 through 17 above.

19.

Plaintiff Jack Freeman has performed all conditions precedent to his contract with Pacific.

20.

In 2016, Pacific admitted Freeman into its graduate program in audiology which he accepted and began taking classes at Pacific to complete those degree requirements.

21.

The contract between Pacific and Freeman consists of admission or enrollment agreements, Pacific's 2016-2074 Catalog, Student Handbook, and Pacific's bulletins, circulars, websites, course syllabi, and regulations which were made available to Freeman including but not limited to Pacific's statements of nondiscrimination.

22.

Pacific breached its contract with Freeman in the following particulars:

a.  By failing to accommodate his known disabilities.

b.  By disciplining and placing Freeman on academic probation without providing accommodations associated with his disabilities.

c.  By failing Freeman for his internship.

23.

As a natural and necessary result of Pacific's breach of contract, Jack Freeman is damaged by incurring education debt for Pacific's audiology program in the approximate amount of $142,345, loss of an audiology education, loss of future income, and loss of the benefit of the bargain in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF

(Section 504)

24.

Plaintiff realleges and incorporates by reference paragraphs 1 through 23, above.

25.

Freeman is a person with disabilities, and his disabilities substantially limit major life activities including, but not limited to, learning, concentrating, thinking, communicating, and working.

26.

Pacific was aware of Freeman's disabilities but failed to provide him with reasonable accommodations.

27.

Pacific receives Federal monies by and through the Federal Student Financial Aid program and, upon information and belief, other Federal money through grants.

28.

As a result of Pacific's refusal to accommodate Freeman's known disabilities, he suffered embarrassment, humiliation, anxiety, stress, and fear, loss of his graduate education, and future employment, all to his economic and noneconomic damages in an amount to be proven at trial.

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon 97210
503.922.2243

29.

Freeman is entitled to an award of his attorney fees and costs pursuant to 29 USC § 794a.

**THIRD CLAIM FOR RELIEF**

(Title III of the ADA)

30.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 29, above.

31.

Freeman is a qualified individual with a disability who was eligible to receive accommodations and to participate in Pacific's graduate program in audiology.

32.

Pacific was aware that Freeman was a qualified individual with a disability, but solely by reason of his disability, Pacific sought out, disciplined, and ultimately excluded Freeman from further participation in Pacific's graduate school education.

33.

Pacific receives Federal monies by and through the Federal financial aid program, and, upon information and belief, other Federal money through grants.

34.

Pacific's disregard for the education of disabled students constitutes an ongoing and continuous violation of the ADA. Unless restrained from doing so, Pacific will continue to violate the ADA, and unless enjoined, Pacific's conduct will inflict injuries qualified disabled students for which they have no adequate remedy at law.

35.

The ADA authorizes injunctive relief as appropriate to remedy acts of discrimination

against persons with disabilities, as well as compensation and reasonable attorney fees and costs pursuant to 42 U.S.C. § 12132 via 29 U.S.C. § 794a.

## FOURTH CLAIM FOR RELIEF

(Negligence)

36.

Plaintiff realleges and incorporates by reference paragraphs 1 through 35 above.

37.

Pacific owes a special duty to Freeman as professionals and educators in acting on Freeman's behalf in directing his education and implementing his approved accommodations.

38.

Freeman's injuries were due in whole or in part to the acts and omissions of Pacific which was negligent in one or more of the following respects:

    a.    Failing to accommodate his known disabilities.

    b.    Failing to have a mechanism for School of Audiology students to appeal final course grades.

39.

As a result of Pacific's failure to act with due care on behalf of Freeman, he suffered anxiety, stress, and loss of future income all to his economic and non-economic damages in an amount to be proven at trial.

WHEREFORE, Plaintiff Jack Freeman prays for the following relief:

    1.    On his First Claim for Relief, for actual, consequential, and foreseeable damages to be proven at trial and as determined by a jury.

The Brague Law Firm
1205 NW 25th Avenue
Portland, Oregon 97210
503.922.2243

2. On his Second Claim for Relief, for actual, consequential, and foreseeable damages to be proven at trial and as determined by a jury.

3. On his Third Claim for Relief, for declaratory judgment and an order:

   a. Declaring Pacific to be in violation of the American with Disabilities Act;

   b. Ordering Pacific to place Jack Freeman as a student in good standing;

   c. Ordering Pacific to adopt practices and procedures that will prevent the discharge of Plaintiff and other students whose medical conditions or disabilities do not interfere with their ability to access examinations and courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals;

   d. Ordering Pacific to train its management, faculty, and employees in their obligations under 42 U.S.C. §12101, *et seq*.

4. On his Fourth Claim for Relief, for actual and proximately caused foreseeable economic and noneconomic damages to be proven at trial and as determined by a jury.

5. For Plaintiff's attorney fees pursuant to 42 USC § 12205 and 29 USC § 794a.

6. For Plaintiff's costs and disbursements herein.

7. For any and all other relief the Court deems just and equitable.

DATED this 29th day of May, 2020.

                            THE BRAGUE LAW FIRM

                            By _____
                                 Kevin C. Brague, OSB No. 050428
                                 kevin@braguelawfirm.com
                                 1205 NW 25th Avenue
                                 Portland, Oregon 97210
                                 t: 503.922.2243
                                 f: 503.877.1768
                                 Attorney for Plaintiff